UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



PETER KING,

    Petitioner,

v.

THOMAS J. STICHT, Superintendent,
Wyoming Correctional Facility,

    Respondent.

**DECISION AND ORDER**

17-CV-0196 EAW

## **INTRODUCTION**

Petitioner, Peter King, who is incarcerated at the Wyoming Correctional Facility serving a sentence of imprisonment of twenty-five (25) years to life based on a conviction of two counts of Murder in the Second Degree in violation of N.Y. Penal Law § 125.25(1) ("Intentional Murder") and N.Y. Penal Law § 125.25(3) ("Felony Murder"), has filed a Petition for a Writ of Habeas Corpus challenging said conviction claiming that his trial counsel was ineffective when he filed a notice of appeal from the conviction one day late due to his alcohol and drug abuse. (Dkt. 1). Petitioner also seeks permission to proceed *in forma pauperis*. (Dkt. 2). As will be more fully set forth below, the instant Petition constitutes a "second" or "successive" petition, and the Court will direct the Clerk of Court to transfer this action to the Second Circuit for a determination regarding whether that court will authorize the filing of the Petition. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

## I. PROCEDURAL BACKGROUND[1]

On or about December 15, 1986, following a jury trial, Petitioner was convicted of two counts of Murder in the Second Degree and sentenced to two indeterminate sentences of 25 years to life to run concurrently. (Dkt. 1 at 2, 10). Petitioner's Commitment Order to State incarceration reflected only that Petitioner was convicted of "Murder 2[d Degree,] 2 counts;" it did not indicate, however, what specific sections of New York Penal Law his convictions were based upon. (*Id.* at 10). Petitioner had been convicted of Intentional Murder and Felony Murder, but his Inmate Status Report and Criminal History Report erroneously stated that he had been convicted of one count of Intentional Murder and one count of murder in the second degree pursuant to N.Y. Penal Law § 125.25(2) ("Depraved Indifference Murder"). (*Id.* at 4, 17-28).

On January 15, 1987, Petitioner's counsel filed a notice of appeal one day late (*id.*, at 2, 13), and on April 4, 1994, Petitioner filed a motion for an extension of time to file a notice of appeal with the New York State Supreme Court, Appellate Division, Fourth Department ("Fourth Department"), which was denied on May 20, 1994. (*Id.* at 3). On December 21, 1999, Petitioner filed with the Fourth Department an application for a writ of error *coram nobis* based on ineffective assistance of counsel, which was denied on March 29, 2000. (*Id.*). Petitioner's motion for reargument, filed on November 2, 2016, was also denied on December 8, 2016. (*Id.*).

---

[1] The information set forth herein is gleaned solely from the Petition and Exhibits attached thereto.

On April 10, 2000, Petitioner, by counsel, filed in this Court a petition for a writ of habeas corpus challenging the same conviction at issue in the instant Petition. *King v. Bennett, et al.*, 1:00-CV-00301-EAW. On January 12, 2004, the late United States District Judge John T. Elfvin adopted a Magistrate Judge's Report and Recommendation and dismissed the petition as untimely pursuant to 28 U.S.C. § 2244(d)(1). (*Id.*, Dkt. 34; see *King v. Bennet*, No. 00-CV-00301-E (Sc), 2004 WL 625629 (W.D.N.Y. Jan. 12, 2004)). Petitioner's notice of appeal and motion for a certificate of appealability was denied by the United States Court of Appeals for the Second Circuit. (*King v. Bennet*, 1:00-CV-00301-EAW, Dkt. 37; Dkt. 38). On July 26, 2016, Petitioner filed in this Court a Motion to Vacate the dismissal of the prior petition (*id.*, Dkt. 39), which was denied by the undersigned on September 12, 2016, as was Petitioner's motion for a certificate of appealability, (*id.*, Dkt. 41; Dkt. 42).

On April 27, 2015, Petitioner filed another application for a writ of error *coram nobis* with the Fourth Department on the basis that his trial counsel was ineffective when he filed a late notice of appeal. (Dkt. 1 at 4). This application was denied on May 20, 2015, as was his application for a certificate granting leave to appeal to the New York Court of Appeals on August 20, 2015, and his motion for reargument of the denial of leave to appeal on October 8, 2015. (*Id.*). Petitioner also filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on January 19, 2016. (*Id.*).

Petitioner later moved the state trial court to modify the Certificate of Conviction because his Division of Parole records—*i.e.*, Inmate Status Report and Criminal History

- 3 -

Report—erroneously reflected that he had been convicted of Intentional Murder and Depraved Indifference Murder, as opposed to what he was actually convicted of: Intentional Murder and Felony Murder. (*See id.* at 4-5). On August 31, 2016, the Clerk of Erie County entered a new or amended Certificate Conviction stating that at a Term of the Supreme Court held in and for the County of Erie on December 15, 1986, Petitioner was convicted of Intentional Murder in the Second Degree, N.Y. Penal Law § 125.25(1), and Felony Murder in the Second Degree, *id.* § 125.25(3), and sentenced to twenty-five (25) years to life on each, to run concurrent to each other, and indicated that a "$95.00/$5.00 Mandatory Surcharge/CVAF [was i]mposed," (Dkt. 1 at 4-5, 29).

On or about October 1, 2016, Petitioner moved the trial court for an order correcting information contained in both his Uniform Sentence and Commitment Form and Certificate of Conviction on the basis that: (1) the Uniform Sentence and Commitment Form failed to specify the correct subdivision of the New York Penal Law, which resulted in erroneous information on file with the New York State Division of Criminal Justice that inaccurately noted a conviction for Depraved Indifference Murder; (2) the Petitioner's Date of Birth was stated incorrectly on the Certificate of Conviction; and (3) the Certificate of Conviction was incorrect because it referenced that Petitioner was ordered to pay a $5.00 Crime Victim Fee despite the fact that the Fee was not in effect until after the date of Petitioner's conviction. (*Id.* at 5, 44). New York State Supreme Court, Erie County, granted the motion in part and denied it in part and ordered the Clerk of Erie County to amend the Certificate of Conviction by removing any reference to the Crime Victim Fee and correcting Petitioner's Date of Birth. (*Id.* at 45).

The trial court denied that part of the motion that sought to amend the Uniform Sentence and Commitment on the basis that "[w]hile the [Petitioner]'s Uniform Sentence and Commitment form does not indicate the subdivisions of the two counts of second degree murder on which he was convicted, his Certificate of Conviction on file in the Erie County Clerk's Office specifies that the [Petitioner] was convicted of two counts of murder in the second degree, subdivisions 1 and 3 of P.L. § 125.25." (*Id.* at 44-45). On February 10, 2017, pursuant to New York State Supreme Court's Order, a new or amended Certificate of Conviction was entered by the Acting Clerk of Erie County. (*Id.* at 48).

## II. SECOND OR SUCCESSIVE PETITION

As presented in the instant Petition, the preliminary issue is whether the Petition is a "second" or "successive" petition pursuant to 28 U.S.C. § 2244(b). If it is, it would need to be transferred to the Second Circuit. *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996); *see* 28 U.S.C. § 1631. Petitioner claims that as a result of a "new" or "amended" Certificate of Conviction, entered by the Clerk of Erie County on or about February 10, 2017, the instant Petition is not a second or successive petition because it challenges a different judgment of conviction and is timely because it was brought within one year of entry of the "new" or "amended" Certificate of Conviction. (Dkt. 1 at 6). Based on the reasons set forth below, the Court finds that this is a "second" or "successive" petition pursuant to 28 U.S.C. § 2244(b), and the Clerk of Court will be directed to transfer this action to the Second Circuit for a determination regarding whether that court will authorize the filing of the Petition. *See Liriano*, 95 F.3d at 123.

## DISCUSSION

According to 28 U.S.C. § 2244(b), before a district court may entertain a second or successive application for a writ of habeas corpus filed pursuant to § 2254, the petitioner must have first requested and obtained an order from the appropriate court of appeals which authorizes the filing of such a second or successive petition. In *Magwood v. Patterson*, 561 U.S. 320 (2010), the Supreme Court held that "where . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." *Id.* at 341-42 (internal quotation marks and citation omitted). In *Magwood*, the petitioner challenged only his new sentence, and the Supreme Court declined to address whether "a petitioner who obtains a conditional writ as to his sentence [would be permitted] to file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction." *Id.* at 342 (emphasis in original). The Second Circuit thereafter, applying *Magwood*, held in *Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010), that "where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both." *Id.* at 46; *see Smalls v. Lee*, No. 12-Civ-2083 (KMK)(LMS), 2016 WL 5339501, at *7 (S.D.N.Y. May 24, 2016), *report and recommendation adopted*, No. 12-Civ-2083 (KMK)(LMS), 2016 WL 5334986 (S.D.N.Y. Sept. 22, 2016).

The threshold question in this matter, therefore, is whether the entry of the new or amended Certificate of Conviction by the Erie County Clerk, on either August 31, 2016, (Dkt. 1 at 29) or February 10, 2017, (*id.* at 48) or both, was an intervening new or

amended judgment under *Magwood* and *Johnson*. If it was, the instant Petition is not a second or successive petition and the Court can adjudicate it without first obtaining authorization from the Second Circuit under 28 U.S.C. § 2244(b).

In *Marmolejos v. United States*, 789 F.3d 66 (2d Cir. 2015), the Second Circuit held that "*Magwood* and *Johnson* . . . stand for the principle that when a judgment is entered on account of *new substantive proceedings* involving reconsideration of either the defendant's guilt or his appropriate punishment, it is a new judgment for purposes of [the Anti-Terrorism and Effective Death Penalty Act ('AEDPA')]." *Id.* at 70 (emphasis added). The Second Circuit has explained that when "a conviction is vacated and the cause is remanded for substantive proceedings, the new judgment is subject to renewed collateral attack under AEDPA. In contrast, where a trial court has *only the ministerial task of entering a new judgment*, the original judgment is the relevant judgment for habeas purposes." *Gonzalez v. United States*, 792 F.3d 232, 236 (2d Cir. 2015) (emphasis added). For example, where the remand simply requires "'the correction of language in the trial court's judgment for the defendants . . ., the judgment of the [state court] is final . . . .'" *Burrell v. United States*, 467 F.3d 160, 164 (2d Cir. 2006) (quoting *Abood v. Detroit Bd. of Ed.*, 431 U.S. 209, 216 n.8 (1977)); *see Marmolejos*, 789 F.3d at 70-71 (holding that a remand to remedy a clerical error in the judgment does not foster a new judgment of conviction for purposes of the AEDPA).

In *Burrell*, the Second Circuit "affirmed Burrell's conviction on the [continuing criminal enterprise ("CCE")] charge but vacated his conviction for conspiracy because it was a lesser included offense of the CCE conviction." *Burrell*, 467 F.3d at 162; *see*

*United States v. Burrell*, 43 F. App'x 403, 408 (2d Cir. 2002). On remand, the district court was instructed to correct the defendant's judgment by modifying the certificate of conviction to reflect the dismissal of the conspiracy. *See Burrell*, 43 F. App'x at 408. Then Circuit Judge Sonia Sotomayor, writing for a unanimous panel, concluded this was a ministerial task because the Second Circuit's direction foreclosed any exercise of discretion by the district court. *See Burrell*, 467 F.3d at 165-66; *see also Chung v. United States*, No. 11 CV 3579 (RJD), 2012 WL 194981, at *1 (E.D.N.Y. Jan. 23, 2012) (stating that the vacatur of "monetary fines" from the sentence on remand was a ministerial task). The Second Circuit reached a similar conclusion in *United States v. Nwachukwu*, 351 F. App'x 483 (2d Cir. 2009), where the district court was instructed to combine Counts 1 and 2 of the conviction, as Count 2 "was a lesser included offense of Count 1, such that only one sentence should have been imposed." *Id.* at 485.

The Court finds Plaintiff's situation to be distinguishable from that of the plaintiff in *Gonzalez*, where the plaintiff's restitution payments were vacated, *and* the district court was required to exercise its discretion in recalculating the appropriate amount. *Gonzalez*, 792 F.3d at 234, 236. In contrast, there was no recalculation of the $100.00 mandatory surcharge, which was, in fact, noted in the original commitment form. (*See* Dkt. 1 at 10, 29, 48). The only change to this value occurring upon the filing of the February 10, 2017, amended Certificate of Conviction was the removal of the five-dollar surcharge for the Crime Victim Assistance Fee and the incorporation of that fee into the whole of the mandatory surcharge imposed. *Id.* at 48. This was a "nondiscretionary act" considering that the statute had not been enacted at the time of Plaintiff's sentencing. *See*

*Burrell*, 467 F.3d at 170; *Chung*, No. 11 CV 3579 (RJD), 2012 WL 194981, at *1; *see also* Dkt. 1 at 45. In addition, and similarly to the corrections made in *Burrell* and *Nwachukwu*, the Court also finds that the recitation of the proper Penal Law subdivision in the August 31, 2016 Certificate of Conviction, was wholly ministerial and left nothing to the discretion of the trial court or the Erie County Clerk's Office. *See Burrell*, 467 F.3d at 165-66; *Nwachukwu*, 351 F. App'x at 485.[2] Lastly, the modification to Plaintiff's birthday in the Certificate of Conviction cannot be considered anything but a clerical correction. *See Marmolejos*, 789 F.3d at 70-71.

## CONCLUSION

Based upon the foregoing, the Court concludes that the instant Petition constitutes a second or successive petition and, in the interests of justice, must be transferred to the Second Circuit to have that court determine whether Petitioner should be authorized to file this Petition with this Court. *See Liriano*, 95 F.3d at 123; *see also* 28 U.S.C. § 1631.

---

[2] The Court notes that the original Notice of Appeal filed by Plaintiff's trial counsel after his conviction indicates the appropriate subdivisions by which Plaintiff was convicted. (Dkt. 1 at 13).

## ORDER

IT IS HEREBY ORDERED that the Clerk of Court shall transfer Petitioner's Petition to the United States Court of Appeals for the Second Circuit.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

DATED: June 14, 2017
Rochester, New York